UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-19-DLB

HAKIM ABDULLAH RASHID                                                                              PLAINTIFF

VS.                                    **MEMORANDUM ORDER**

CHRISTOPHER ENTZEL, ET AL.                                                                    DEFENDANTS

*** *** *** ***

Federal inmate Hakim Rashid has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 related to the Federal Bureau of Prisons' (BOP's) alleged failure to place him in a halfway house or home confinement or otherwise release him from custody.  *See Rashid v. Entzel*, No. 0:24-cv-117-DLB (E.D. Ky. 2024).  While that case is still pending, Rashid recently filed a separate civil rights complaint with this Court pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (Doc. # 1).  In this standalone action, Rashid alleges that the named Defendants, BOP officials, "knowingly and deliberately failed to correct an error in sentence computation" in violation of his constitutional rights.  (*Id.* at 1).  For relief in this case, Rashid is seeking "immediate release" from BOP custody, as well as money damages.  (*Id.* at 4).

The Court has conducted an initial screening of Rashid's civil rights complaint pursuant to 28 U.S.C. § 1915A and will dismiss it.  As an initial matter, to the extent that Rashid is seeking injunctive relief in the form of immediate release from BOP custody, he may seek that relief in his § 2241 habeas case but not this civil rights action.  *See Myers*

1

*v. FCI Ashland*, No. 22-6111, 2024 WL 3085079, at *2 (6th Cir. Jan. 4, 2024). To the extent that Rashid is seeking money damages against BOP officials, his constitutional claims—which relate to his placement within the federal prison system—are not contexts in which a *Bivens* remedy has been implied, *see Egbert v. Boule*, 143 S. Ct. 1793, 1807 (2022), and, given the Supreme Court's recent jurisprudence in this area, this Court will not otherwise imply a damages remedy in this matter. Accordingly,

**IT IS ORDERED** that --

(1) Rashid's claims for injunctive relief are **DISMISSED** without prejudice to his right to continue to litigate his § 2241 habeas petition in Case No. 0:24-cv-117-DLB, which remains pending;

(2) Rashid's remaining claims, which seek monetary relief for alleged constitutional violations, are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted;

(3) This action is **STRICKEN** from the Court's docket; and

(4) The Court will enter a corresponding Judgment.

This 21st day of March, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Rashid 0-25-019 Memorandum.docx